UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

YANIV KASLASI,

        Plaintiff,

vs.

SHELI ABERGIL,

        Defendant.

Case No.: 2:25-cv-01227-GMN-MDC

**ORDER SETTING BRIEFING SCHEDULE AND HEARING**

Pending before the Court is Petitioner Yaniv Kaslasi's Motion for Temporary Restraining Order ("TRO") prohibiting the removal of his child from the jurisdiction of this Court, (ECF No. 5). This case arises out of a dispute between Petitioner Yaniv Kaslasi, father of child U.Y., and Respondent Sheli Abergil, U.Y.'s mother, and whether U.Y. was wrongfully retained in the United States. (*See generally* Compl., ECF No. 1). Petitioner files this Petition pursuant to the 1980 Hague Convention on Civil Aspects of International Child Abduction (the "Hague Convention") and the International Child Abduction Remedies Act, ("ICARA"). (*Id.* ¶ 2).

The Court has jurisdiction over this case under 22 U.S.C. § 9003, which grants state and federal courts concurrent original jurisdiction over actions arising under the Hague Convention. "A court that receives a petition under the Hague Convention may not resolve the question of who, as between the parents, is best suited to have custody of the child." *Cuellar v. Joyce*, 596 F.3d 505, 508 (9th Cir. 2010). The court's inquiry is whether the child should be returned to his or her country of habitual residence. "With few narrow exceptions, the court must return the abducted child to its country of habitual residence so that that the court of that country can determine custody." *Id.* "This policy of deterrence gives way to concern for the welfare of the

child only in extreme cases." *Id.* For example, Article 13(b) of the treaty provides that return need not be ordered where "there is a grave risk that . . . return would expose the child to physical or psychological harm or otherwise place the child in an intolerable situation." *Id.*

The Court declines to issue the requested TRO *ex parte* on an emergency basis. Rule 65(b) of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders. It provides that:

> (1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) Specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damages will result to the movant before the adverse party can be heard in opposition; and
>
> (B) The movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed R. Civ. P. 65(b). While temporary restraining orders are at times necessary, "[t]he stringent restrictions imposed by . . . Rule 65 [] on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute. *Grannt Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cty.*, 415 U.S. 423, 438–39 (1974). Accordingly, the procedural requirements of Rule 65(b) are strictly construed.

Here, the Court determines that the Motion for TRO fails to comply with Rule 65(b)(1)(B). Petitioner's Complaint does not clearly show that immediate injury will result before Respondent can be heard in opposition. (*See generally* Compl.). Nor does his Motion for TRO provide any factual support for his argument that, without immediate *ex parte* relief, he is likely to suffer irreparable injury. (*See generally* Mot. TRO). Instead, the facts proffered show that Respondent has been in the District of Nevada since February, where she has at least

some family ties, suggesting she is settled in this district. (Compl. ¶ 19–20). The Court therefore declines to grant the Motion for TRO *ex parte*. The Court instead orders additional briefing from the parties and sets a hearing for this matter.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner shall serve Respondent with his Motion for Temporary Restraining Order, (ECF No. 5), and a copy of this Order, by Thursday, July 17, 2025.

**IT IS FURTHER ORDERED** that Respondent will then have until July 25, 2025, to file a Response. Petitioner may have until July 28, 2025, to file a Reply.

**IT IS FURTHER ORDERED** that a hearing shall take place in Courtroom 7D of the Lloyd D. George Federal Courthouse, 333 Las Vegas Blvd. So., Las Vegas, Nevada 89101, **at 11:00am on July 29, 2025.**

**DATED** this 14 day of July, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT